1 Patrick G. Shea, SBN: 182494
Law Office of Patrick G. Shea, APC
2 3838 Camino Del Rio North, Suite 214
San Diego, CA 92108
3 Tel: (619) 528-4550
Fax: (619) 864-1091
4 Email: pshea@pgslawoffice.com

5 Attorney for Plaintiff, Genaro Bautista

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENARO BAUTISTA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF RIVERSIDE; ADONIS GLASPER and DOES 1-10, inclusive.<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**<br><br>1. **42 U.S.C. § 1983 – Unlawful Detention and Arrest**<br>2. **42 U.S.C. § 1983 – Unlawful Search of Vehicle and Personal Property**<br>3. **42 U.S.C. § 1983 – Excessive Force**<br>4. **False Arrest**<br>5. **Negligence**<br>6. **Cal. Civil Code § 52.1 – Civil Rights Violations (Bane Act)** |

## COMPLAINT FOR DAMAGES

　　COMES NOW, Plaintiff Genaro Bautista, individually, for his Complaint against Defendants County of Riverside; Adonis Glasper; and DOES 1-10, inclusive, and alleges as follows:

/////

# JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

3. On January 29, 2024, Plaintiff presented to the County of Riverside his Claims for Damages based on the acts, omissions, damages, and injuries herein complained of, pursuant to Government Code § 911.2. On February 6, 2024, Defendant County of Riverside sent Plaintiff a notice of rejection of claim.

# INTRODUCTION

4. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with County of Riverside Sheriff's deputy-involved detention, arrest, search, and seizure of and use of force on Genaro Bautista on September 18, 2023.

# PARTIES

5. At all relevant times, Plaintiff Genaro Bautista ("PLAINTIFF") was a 53-year-old individual man residing in the County of Riverside, California.

6. At all relevant times, Defendant COUNTY OF RIVERSIDE ("COUNTY") is and was a duly organized public entity existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions,

omissions, policies, procedures, practices, and customs of its various agents and agencies, including the County of Riverside Sheriff's Department and its agents and employees.

7. At all relevant times, COUNTY was the employer of Defendants Adonis Glasper; and DOES 1-10, inclusive.

8. Defendant Deputy Adonis Glasper ("GLASPER") is a Sheriff's deputy employed by the County of Riverside Sheriff's Department. GLASPER was acting under the color of law and within the course and scope of his duties as a deputy for the County of Riverside Sheriff's Department. GLASPER was acting within the complete authority and ratification of his principal, Defendant COUNTY. At all times relevant hereto he acted in concert with the other Defendants under the color of state law. He is sued both in his official and individual capacity.

9. Defendants DOES 1-6 ("DOE DEPUTIES") are Sheriff's deputies for the County of Riverside Sheriff's Department. DOE DEPUTIES were acting under color of law within the course and scope of their duties as deputies for the County of Riverside Sheriff's Department. DOE DEPUTIES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

10. Defendants DOES 7-8 are supervisory deputies for the County of Riverside Sheriff's Department who were acting under color of law within the course and scope of their duties as supervisory deputies for the County of Riverside Sheriff's Department. DOES 7-8 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

11. Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the County of Riverside Sheriff's Department who were acting under the color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the County of

/////

Riverside Sheriff's Department.  DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

12. On information and belief, Defendants GLASPER and DOES 1-10 were residents of the County of Riverside.

13. In doing the acts, and failing and/or omitting to act as hereinafter described, Defendants GLASPER and DOES 1-6 were acting on the implied and actual permission and consent of DOES 7-10.

14. In doing the acts, and failing and/or omitting to act as hereinafter described, Defendants GLASPER and DOES 1-10 were acting on the implied and actual permission and consent of the COUNTY.

15. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to PLAINTIFF, who otherwise sues these Defendants by such fictitious names. PLAINTIFF will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

16. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and/or employment of each and every Defendant.

17. All of the acts and omissions complained of herein by PLAINTIFF against Defendants were done and performed by said Defendants, by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

/////

/////

18. Defendants GLASPER and DOES 1-10 are sued in their individual capacities, and below are collectively referred to as the INDIVIDUAL DEFENDANTS.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

19. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 18 of this Complaint with the same force and effect as if fully set forth herein.

20. On September 14, 2023, PLAINTIFF hired a licensed process server who was authorized by law to carry a fire arm. Claimant retained the process server through the licensed process service, ProServ364, to serve a three-day notice to pay rent or quit ("eviction notice") on a tenant occupying PLAINTIFF'S residential property at 50120 Monroe Street in La Quinta, California.

21. The individual process server so retained was named Van Wilcox, who as part of his general duties carried a firearm (pistol) on his side.

22. On September 14, 2023, Van Wilcox went to the property owned by PLAINTIFF and his family to serve the eviction notice. Van Wilcox knocked on the door and announced his presence, but no one answered. The residential home was equipped with Ring Doorbell surveillance cameras.

23. Plaintiff is informed and believes the INDIVIDUAL DEFENDANTS obtained a copy of the Ring video before September 18, 2023.

24. Based on information and belief, PLAINTIFF believes that sometime between September 14, 2023, and September 18, 2023, his estranged brother and sister made a report to the COUNTY (via the Thermal Sheriff's Sub Station) that PLAINTIFF was illegally on the Monroe premises and was recorded on the Ring surveillance cameras brandishing and carrying a gun on the premises.

/////

/////

/////

25. On September 18, 2023, at approximately 7:00 p.m. PLAINTIFF was approached by who he would later understand to be INIVIDUAL DEFENDANTS at his place of employment. The INIVIDUAL DEFENDANTS were acting as customers in an attempt to verify PLAINTIFF's identity. PLAINTIFF did not know this at the time.

26. PLAINTIFF left his place of employment at which time he was pulled over and placed in handcuffs. PLAINTIFF demanded to know why he was being arrested but the INIVIDUAL DEFENDANTS refused to tell him. The INIVIDUAL DEFENDANTS requested permission to raid his home. PLAINTIFF refused to give permission at which time he was told they were going to raid his home anyways.

27. The INDIVIDUAL DEFENDANTS then told PLAINTIFF he was suspected of carrying an illegal firearm, and of impersonating a law enforcement officer.

28. The INDIVIDUAL DEFENDANTS questioned PLAINTIFF as to the location of the firearm.

29. The PLANTIFF explained to the officers that the person on the premises was a licensed process server that he had hired to serve eviction paperwork on the renters of his rental property.

30. PLAINTIFF calmly tried to clarify the situation and identified the hired process server as Van Wilcox of ProServe364 who was licensed to carry a weapon and who was there for the purposes of serving eviction paperwork.

31. The INDIVIDUAL DEFENDANTS claimed they viewed the Ring video and the person on the video was not Van Wilcox who the INDIVIDUAL DEFENDANTS claimed to know personally.

/////
/////
/////

32. Van Wilcox is African American and PLAINTIFF is Hispanic.

33. The INDIVIDUAL DEFENDANTS proceeded to advise PLAINTIFF that they were going to raid his house, which was occupied by his wife and children, in order to find the firearm seen on the Ring video.

34. The INDIVIDUAL DEFENDANTS took PLAINTIFF into custody using excessive force to handcuff and detain PLAINTIFF.

35. The INDIVIDUAL DEFENDANTS drove PLAINTIFF to a shopping mall parking lot which was located less than a mile from PLAINTIFF'S home on Orcadessa Drive.

36. The INDIVIDUAL DEFENDANTS forcefully pushed PLAINTIFF into a squad car and drove to PLAINTIFFS'S home residence at 78585 Orcabessa Drive in Bermuda Dunes, Ca.

37. Whiled parked at the shopping mall, with PLAINTIFF still in handcuffs in the back of the squad car, the INDIVIDUAL DEFENDANTS demanded that PLAINTIFF give them permission to enter his Home. PLAINTIFF DECLINE giving consent to the requested search.

38. The INDIVIDUAL DEFENDANTS threatened PLAINTIFF that if he didn't consent to the home search, they would "raid" the home.

39. PLAINTIFF informed the INDIVIDUAL DEFENDANTS that his wife and young kids were in the home.

40. PLAINTIFF is informed and believes the INDIVIDUAL DEFENDANTS forcefully entered PLAINTIFF'S home, without consent and without a warrant or other legal justification to enter.

41. Based on information and belief, the INDIVIDUAL DEFENDANTS entered PLAINTIFF'S home with guns drawn and pointed their firearms at PLAINTIFF'S family.

/////

/////

42. The INDIVIDUAL DEFENDANTS searched PLAINTIFF'S home but did not find any evidence of a firearm or false badge or vest.

43. After searching PLAINTIFF'S home, the INDIVIDUAL DEFENDANTS took PLAINTIFF to the Thermal Sheriff's Station located at 86625 Airport Blvd in Thermal, California.

44. PLAINTIFF on multiple occasions ask the INDIVIDUAL DEFENDANTS to call and verify Van Wilcox was hired by PLAINTIFF and to confirm PLAINTIFF'S story that it was Van Wilcox seen on the Ring video.

45. the INDIVIDUAL DEFENDANTS ignored PLAINTIFF'S requests and failed to call Van Wilcox or his process service company, ProServ364 and kept PLAINTIFF detained.

46. The PLAINTIFF was wrongfully detained overnight despite information, including digital proof, being provided to the Officers that the person on the premises was in fact Van Wilcox who had been hired to serve the eviction notice.

47. PLAINTIFF was in handcuffs for three straight hours from the time the INDIVIDUAL DEFENDANTS first contacted PLAINTIFF at his work until he was placed in a suspect room at the station.

48. Within the first 20 minutes of being handcuffed, PLAINTIFF informed the INDIVIDUAL DEFENDANTS that the cuffs were too tight and that his shoulder had been injured in the initial act of handcuffing.  Despite this, the INDIVIDUAL DEFENDANTS kept PLAINTIFF handcuffed for three plus hours further injuring PLAINTIFF'S shoulder. .

49. After many hours of detention, someone from the COUNTY called Van Wilcox to confirm PLAINTIFF'S story.

50. Van Wilcox came to the Thermal station and met with a COUNTY employee confirming PLAINTIFF'S story and the fact that he (Van Wilcox) was the individual on the Ring camera observed at the Monroe premises.

51. PLAINTIFF was then released at 6am the following morning after 11 hours of being detained wrongfully.

## FIRST CLAIM FOR RELIEF
**Fourth Amendment – Illegal Detention and Arrest (42 U.S.C. § 1983)**
(Against the INDIVIDUAL DEFENDANTS)

52. PLAINTIFF realleges and incorporates by reference each and every allegation in paragraphs 1 through 51 of this Complaint with the same force and effect as if fully set forth herein.

53. The INDIVIDUAL DEFENDANTS had no credible information that PLAINTIFF had committed any crime, had no information that PLAINTIFF had any outstanding wants or warrants, and had no information that PLAINTIFF had harmed any person. The INDIVIDUAL DEFENDANTS unreasonably detained and arrested PLAINTIFF without reasonable suspicion or probable cause.

54. The scope and manner of the INDIVIDUAL DEFENDANTS' detention of PLAINTIFF was unreasonable. When the INDIVIDUAL DEFENDANTS detained the PLAINTIFF, they restricted PLAINTIFF's liberty and freedom of movement and they violated PLAINTIFF's right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution.

55. The conduct of the INDIVIDUAL DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to the INDIVIDUAL DEFENDANTS.

56. As a result of their misconduct, the INDIVIDUAL DEFENDANTS are liable for PLAINTIFF's injuries because they were an integral participant and/or because they failed to intervene to prevent the wrongful detention and arrest of PLAINTIFF.

/////

9
COMPLAINT FOR DAMAGES

57. PLAINTIFF seeks damages for his physical and emotional injuries, including his pain and suffering. PLAINTIFF also seeks attorneys' fees and costs under this claim.

## SECOND CLAIM FOR RELIEF
**Fourth Amendment – Unlawful Search of Home and Personal Property**
**(42 U.S.C. § 1983)**
(Against the INDIVIDUAL DEFENDANTS)

58. PLAINTIFF realleges and incorporate by reference each and every allegation contained in Paragraphs 1 through 57 above as though fully set forth herein.

59. As a result of the acts alleged above, and the acts of unlawfully searching PLAINTIFF's home, without a warrant or any lawful justification and searching his personal property, PLAINTIFF suffered unreasonable searches of his personal property, in violation of his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, PLAINTIFF is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

60. The INDIVIDUAL DEFENDANTS are liable for the constitutional violations alleged above, both directly and as a result of their failure to intervene and prevent or stop the constitutional violations by the other deputies. Indeed, the INDIVIDUAL DEFENDANTS are liable for failing to intervene and stop wrongful acts that they witnessed by each other, and for directing, encouraging and failing to intervene and prevent additional constitutional violations by responding deputies.

/////
/////
/////
/////

61. As a proximate result of the acts alleged above, PLAINTIFF was injured in mind and body, and suffered severe emotional distress from having his home personal property invaded and unlawfully searched. PLAINTIFF is therefore entitled to general and compensatory damages in an amount to be proven at trial.

62. In committing the acts alleged above, the INDIVIDUAL DEFENDANTS acted with a wanton and reckless disregard for the rights, feelings and security of PLAINTIFF, and by reason thereof PLAINTIFF is entitled to exemplary and punitive damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
**Fourth Amendment – Excessive Force (42 U.S.C. § 1983)**
(Against the INDIVIDUAL DEFENDANTS)

63. PLAINTIFF realleges and incorporates by reference each and every allegation in paragraphs 1 through 62 of this Complaint with the same force and effect as if fully set forth herein.

64. The Fourth Amendment to the United States Constitution provides the right of every person to be free from the use of excessive force by police officers.

65. When the INDIVIDUAL DEFENDANTS detained PLAINTIFF, they had no information that PLAINTIFF had committed any serious crime, and in fact had no information to establish no crime had been committed by the PLAINTIFF nor that the PLAINTIFF had injured or threatened to harm anyone.

66. Throughout the INDIVIDUAL DEFENDANTS' contact with PLAINTIFF, PLAINTIFF never threatened anyone, made no aggressive movements toward anyone, made no furtive gestures, and no physical movements that would reasonably suggest to the INDIVIDUAL DEFENDANTS that PLAINTIFF was attempting, willing, or intending to inflict harm on any person or flee.

67. The INDIVIDUAL DEFENDANTS used excessive force against PLAINTIFF when without warning or justification.

68. The INDIVIDUAL DEFENDANTS' acts and omissions deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution.

69. The conduct of the INDIVIDUAL DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to the INDIVIDUAL DEFENDANTS.

70. As a result of their misconduct, PLAINTIFF suffered great physical pain and suffering, as well as emotional injuries including severe emotional distress.

71. The INDIVIDUAL DEFENDANTS are liable for PLAINTIFF's injuries because they were an integral participant and/or because they failed to intervene to prevent these violations.

72. PLAINTIFF seeks damages for his physical and emotional injuries, including his pain and suffering. PLAINTIFF also seeks attorneys' fees and costs under this claim.

## FOURTH CLAIM FOR RELIEF
### False Arrest / False Imprisonment
(Against All Defendants)

73. PLAINTIFF realleges and incorporates by reference each and every allegation in paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

/////
/////

74. The INDIVIDUAL DEFENDANTS, while working for the County of Riverside Sheriff's Department and acting within the course and scope of their duties, intentionally deprived PLAINTIFF of his freedom of movement by use of force, threats of force, violence, menace, and unreasonable duress. The INDIVIDUAL DEFENDANTS detained PLAINTIFF without reasonable suspicion and arrested him without probable cause.

75. PLAINTIFF did not knowingly or voluntarily consent to being detained or arrested.

76. The conduct of the INDIVIDUAL DEFENDANTS was a substantial factor in causing the harm to PLAINTIFF.

77. Defendant COUNTY is vicariously liable for the wrongful acts of the INDIVIDUAL DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or his to liability.

78. The conduct of the INDIVIDUAL DEFENDANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to an award of exemplary and punitive damages.

79. As a result of their misconduct, the INDIVIDUAL DEFENDANTS are liable for PLAINTIFF's injuries, either because they were an integral participant in the wrongful detention and arrest, and/or because they failed to intervene to prevent these violations.

/////
/////
/////
/////
/////

# FIFTH CLAIM FOR RELIEF
## Negligence
(Against All Defendants)

80. PLAINTIFF realleges and incorporates by reference each and every allegation in paragraphs 1 through 79 of this Complaint with the same force and effect as if fully set forth herein.

81. Sheriff's deputies, including the INDIVIDUAL DEFENDANTS, have a duty to use reasonable care to prevent unjustified harm or injury to others. This duty includes using appropriate tactics and not using any force unless reasonably necessary.

82. DEFENDANTS breached this duty of care. Upon information and belief, the actions and inactions of DEFENDANTS were negligent and reckless, including but not limited to:

   a. The failure to properly and adequately assess the need to detain, arrest and use violent force against PLAINTIFF;
   b. The unjustified use of excessively painful force against the PLAINTIFF.
   c. The negligent tactics and handling of the situation with PLAINTIFF, including post-force negligence.

83. As a direct and proximate result of DEFENDANTS' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer physical injuries, severe pain and suffering. Also, as a direct and proximate result of DEFENDANTS' conduct as alleged above, PLAINTIFF has suffered severe emotional distress and mental anguish.

84. Defendant COUNTY is vicariously liable for the wrongful acts of the INDIVIDUAL DEFENDANTS, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries

/////

caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

# SIXTH CLAIM FOR RELIEF
## Cal. Civil Code § 52.1 (The Bane Act)
(Against All Defendants)

85. PLAINTIFF realleges and incorporates by reference each and every allegation in paragraphs 1 through 84.

86. Section 52.1 of the California Civil Code (the Bane Act), whether or not acting under color of law, prohibits interference by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, the exercise or enjoyment by an individual of rights secured by the Constitution or laws of the United States, or the rights secured by the Constitution or laws of the State of California.

87. PLAINTIFF alleges that the INDIVIDUAL DEFENDANTS, while working for the COUNTY and acting within the course and scope of their duties, intentionally committed acts of violence, threats, intimidation, and coercion against PLAINTIFF, including wrongfully detaining the PLANTIFF and raiding and unreasonably searching his home.

88. When DEFENDANTS used excessive and unreasonable force against PLAINTIFF, they interfered with his civil rights to be free from unreasonable searches and seizures, to record public activities of the police, to protest police activity, to due process, to equal protection of the laws, to be free from state actions that shock the conscience, and to life, liberty, and property.

89. On information and belief, DEFENDANTS intentionally and spitefully committed the above acts to discourage PLAINTIFF from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

90. On information and belief, PLAINTIFF reasonably believed and understood that the violent acts committed by the INDIVIDUAL DEFENDANTS were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

91. The INDIVIDUAL DEFENDANTS successfully interfered with the above civil rights of PLAINTIFF.

92. The conduct of DEFENDANTS was a substantial factor in causing PLAINTIFF's harms, losses, injuries and damages.

93. COUNTY is vicariously liable for the wrongful acts of the INDIVIDUAL DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

94. Defendants DOES 7 through 10 are vicariously liable under California law and the doctrine of *respondeat superior*.

95. The conduct of DEFENDANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for PLAINTIFF's rights, justifying an award of exemplary and punitive damages as to the INDIVIDUAL DEFENDANTS.

96. PLAINTIFF seeks compensatory damages including for his physical injuries, pain and suffering, and severe emotional distress, punitive damages, and attorneys' fees and costs under this claim.

/////
/////
/////
/////
/////
/////

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GENARO BAUTISTA requests entry of judgment in his favor and against COUNTY OF RIVERSIDE; ADONIS GLASPER; and DOES 1-10, inclusive, as follows:

1. For compensatory damages in whatever amount may be proven at trial, which include physical injuries, pain and suffering, severe emotional distress and mental anguish;
2. For punitive damages against only the Individual Defendants in an amount to be proven at trial;
3. For statutory damages;
4. For reasonable attorneys' fees, including litigation expenses;
5. For costs incurred in this lawsuit;
6. For prejudgment interest; and
7. For such other relief that the Court deems just, proper, and appropriate.

Respectfully submitted,

Dated: August 5, 2024

*Patrick G. Shea*
Patrick G. Shea, Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all causes of action.

Respectfully submitted,

Dated: August 5, 2024

*Patrick G. Shea*
Patrick G. Shea, Attorney for Plaintiff